GEORGE K. GURLEY & others *vs.* TOWN OF BRIDGEWATER.

Plymouth.    November 18, 1975. — March 15, 1976.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Police.   Municipal Corporations,* Police, Vacations.   *Words,* "Weeks."

The word "weeks" in a town's personnel by-law which was enacted as
the result of a collective bargaining agreement between the town and
its police officers denoted five-day work weeks and not calendar
weeks where the pertinent part of the agreement was based on a
five-day work week; such a result was not inconsistent with G. L.
c. 147, §§ 16C and 17. [149-151]

BILL IN EQUITY filed in the Superior Court on April 20,
1973.

The suit was heard by *Cross,* J.

The case was submitted on briefs.

*Robert G. Clark, III,* for the defendant.

*Lawrence M. Siskind* for the plaintiffs.

GOODMAN, J.   The defendant (town) appeals from a
decree obtained by officers of the Bridgewater branch of
the Massachusetts Police Association, an unincorporated
association, declaring:   "The word 'weeks', as used in the
Town of Bridgewater Personnel By-Law, enacted as a re-
sult of the collective bargaining agreement agreed upon on
or about February 12, 1971, must be interpreted to mean
'calendar weeks' and not 'working weeks.' " The case was
submitted upon a statement of agreed facts to be decided
as a case stated. We therefore draw our own conclusions.
*Yates* v. *Salem,* 342 Mass. 460, 461 (1961).

The town points to the stipulation in the statement of

agreed facts that the collective bargaining agreement[1] (the basis of vacation entitlement as set out in an implementing personnel by-law) "contemplated and was understood and agreed upon by the parties to be based upon a five-day work week." It was further agreed that "since March 4, 1957 to date the Town has granted vacations to Petitioners and the class whom they represent on the basis of five day work weeks." The town thus argues and we agree that the source of vacation time is contractual, and that under the collective bargaining agreement police officers with (e.g.) one year's service are entitled to a vacation of two working weeks or ten days, i.e., they are entitled to vacation time during any ten days when they would otherwise be working.

The plaintiffs argue, and the trial judge held, that this result is inconsistent with G. L. c. 147, §§ 16C and 17, adopted by the town March 4, 1957, and the case of *Holyoke Police Relief Assn.* v. *Mayor of Holyoke,* 358 Mass. 350 (1970) (the *Holyoke* case), and that those sections and the *Holyoke* case require that police officers be given vacation time measured in calendar (seven day) weeks. Thus, on this view (e.g.) police officers with one year's service are entitled to vacation of two calendar weeks or fourteen days, i.e., they are entitled to vacation time during any fourteen days when they would otherwise be working. We do not accept this view.

General Laws c. 147, § 16C, provides that: "Members of the police department of every ... town which accepts this section ... shall be excused from duty for two days out of every seven without loss of pay...." General Laws c. 147, § 17, provides: "In no case shall the number of such days off be less than ... one hundred and four in each year in

---

[1] The agreement provides in pertinent part:
*"ARTICLE V Vacation"*
"All employees [police officers] occupying a full-time position or a regular part-time position shall be granted the following vacations:
After 12 months continuous service — 2 weeks
After 10 years continuous service    — 3 weeks
After 15 years continuous service    — 4 weeks."

a town subject to section sixteen C, and they shall be in addition to any annual vacation now or hereafter allowed ... and such annual vacation shall not be diminished on account thereof." But these sections do not address themselves to the number of working days — apart from the 104 days off — which an employee is entitled to take as vacation.[2]

Furthermore, reliance on the *Holyoke* case, *supra,* is misplaced. That case dealt with the construction of G. L. c. 41, § 111D, a statutory source of vacation entitlement; the Supreme Judicial Court concluded that because there existed no Statewide uniformity as to what constituted a work week for police officers (see G. L. c. 147, §§ 14-16B, "provid[ing] for one day off in thirty [and] ... one day off in fifteen, eight, seven and six days respectively...." the *Holyoke* case, *supra,* at 353) the Legislature, in providing for vacations measured in "weeks," must have meant calendar weeks. But the town has not accepted c. 41, § 111D, and the extent to which that statute would have constrained the bargaining process is not before us. See G. L. c. 149, § 178 (I), as in effect prior to St. 1973, c. 1078, § 1. See now G. L. c. 150E, § 7 (e). Cf. *Chief of Police of Dracut* v. *Dracut,* 357 Mass. 492, 499 (1970).

We see no reason to disturb the bargain which the parties struck. Accordingly, the decree is reversed, and a judgment is to be entered changing paragraph 1 of the decree in accordance with this opinion and incorporating paragraph 2 of the decree.

*So ordered.*

---

[2] The declaration in paragraph 2 of the decree, which is not contested, correctly states the effect of § 16C and § 17: "The members of the Police Department of said Town of Bridgewater shall be excused from duty for two days out of every seven without loss of pay for a total of 104 days in each year in accordance with General Laws Chapter 147, Section 16C, and this shall be in addition to any annual vacation allowed to them and such annual vacation shall not be diminished on account thereof."