PAUL J. McNAMARA & others vs. BOARD OF SELECTMEN OF WESTWOOD & others. March 30, 1977. The judge was correct in ruling that, under the plaintiffs' employment contract with the town, which calls for two days off duty after each four days on duty, and the provisions of G. L. c. 41, § 111D, which the town has accepted, a police officer is not entitled to additional off duty days computed on the days he would have worked but for the fact of his being on vacation. The assertedly contrary result reached in *Holyoke Police Relief Assn.* v. *Mayor of Holyoke,* 358 Mass. 350 (1970), turned on that city's having accepted not only the provisions of G. L. c. 41, § 111D, but also the provisions of G. L. c. 147, §§ 16C and 17, which together provide for 104 days off each year which "shall be in addition to any annual vacation now or hereafter allowed to . . . [police], and such annual vacation shall not be diminished on account thereof." Westwood has not accepted those sections. Therefore, as the judge pointed out in his careful opinion, Westwood police are entitled to no minimum number of days off in addition to vacation time, but rather, by the terms of their contract, they are only entitled to two days off for each four days actually worked. *Gurley* v. *Bridgewater,* 4 Mass. App. Ct. 149, 151 (1976). That conclusion is not inconsistent with the proposition that the "weeks" referred to in § 111D are calendar weeks, as held in the *Holyoke* case. Neither party makes any objection to the form of the judgment.

*Judgment affirmed.*

The case was submitted on briefs.
*Richard A. Gargiulo, Howard J. Alperin & Roland F. Chase* for the plaintiffs.
*Thomas P. McCusker, Jr.,* Town Counsel, for the defendants.