*Order denying motion for<br>new trial affirmed.*

The case was submitted on briefs.

*John Cavicchi* for the defendants.

*John Kiernan*, Assistant District Attorney (*Alice A. Hanlon*, Legal Assistant to the District Attorney, with him) for the Commonwealth.

DANIEL J. SHEA *vs.* CITY OF SPRINGFIELD (and a companion case). July 17, 1979. 1. These cases are governed by *Holyoke Police Relief Assn.* v. *Mayor of Holyoke*, 358 Mass. 350 (1970), as the trial judge ruled. Like Holyoke, Springfield has accepted the provisions of G. L. c. 41, § 111D, and G. L. c. 147, §§ 16C & 17, and under that configuration of applicable statutes the policemen are entitled, as the *Holyoke* case held, to the number of calendar weeks of vacation specified in G. L. c. 41, § 111D, in addition to the total of 104 days off specified in G. L. c. 147, §§ 16C & 17. In *Gurley* v. *Bridgewater*, 4 Mass. App. Ct. 149 (1976), the town had not accepted G. L. c. 41, § 111D; and in *McNamara* v. *Selectmen of Westwood*, 5 Mass. App. Ct. 805 (1977), the town had not accepted G. L. c. 147, §§ 16C & 17. 2. There is no merit to the contention that the judge erred in "retroactively applying the *Holyoke* decision." That case merely determined the legal effect of the applicable statutes; it did not purport to alter their meaning. 3. The judge did not err in ruling that the collective bargaining agreements

were meant to preserve the vacation benefits to which the policemen were legally entitled prior to their effective dates. 4. It is not clear whether the city still presses the defense of laches; but, on the judge's findings, it is clear that the defense has not been made out, for the reasons stated in *Erickson* v. *Waltham,* 2 Mass. App. Ct. 436, 450-451 (1974).

*Judgments affirmed.*

*William P. O'Neill,* Assistant City Solicitor, for the defendant.
*Frederick S. Pillsbury* for Daniel J. Shea.
*Ralph L. Atkins* for Robert C. McKenzie.