EDWARD FLANNERY & others *vs.* TOWN OF PEMBROKE. August 28, 1979. This case is before us on cross appeals: the town appealing from that part of a judgment declaring that the word "week" as it relates to the measurement of vacations for policemen under the applicable statutory and by-law provisions means a seven-day week, that is, seven working days; the plaintiffs appealing from that part of the judgment which bars their claim for damages because of laches. We reverse the judgment.

The town of Pembroke (town) accepted G. L. c. 41, § 111, on November 4, 1952, and G. L. c. 147, §§ 16C and 17, on March 11, 1961. On March 13, 1965, pursuant to G. L. c. 41, § 108C, the town consolidated all of its provisions pertaining to the employment of personnel, including its policemen, into a personnel classification and compensation by-law. One of the introductory paragraphs of the by-law assures "consistent treatment for ALL town personnel throughout all the separate departments."

It was agreed that vacations for all town employees, other than policemen, are computed on a five-day work week basis. The policemen claim, nevertheless, citing *Holyoke Police Relief Assn.* v. *Mayor of Holyoke*, 358 Mass. 350 (1970), that they are entitled to vacations measured on a seven-day week. See also *Shea* v. *Springfield, ante* 883 (1979), decided after the argument of this appeal.

However, different statutory provisions apply here. In *Holyoke*, the city had accepted G. L. c. 41, § 111D, a statutory provision applicable only to members of police and fire forces, as well as G. L. c. 147, §§ 16C and 17. While the word "weeks" in § 111D has been construed to mean seven-day weeks (*Holyoke Police Relief Assn.* v. *Mayor of Holyoke, supra* at 353; see also *McNamara* v. *Selectmen of Westwood*, 5 Mass. App. Ct. 805 [1977]; *Shea* v. *Springfield, supra*), that construction was

based on the fact that there was "no Statewide uniformity as to what constituted a work week for police officers." *Gurley* v. *Bridgewater*, 4 Mass. App. Ct. 149, 151 (1976). There is no suggestion that a similar lack of uniformity applies to "permanent civil service employee[s]" or to the other classes of persons who are provided with a "vacation of not less than two weeks . . . in each calendar year" under G. L. c. 41, § 111, as amended through St. 1951, c. 242, § 1.

Nor is there any reason, as the policemen suggest, to construe G. L. c. 41, § 111, as granting five-day vacation weeks to all other town employees and seven-day vacation weeks to policemen. Such an interpretation would be counter to the policy of the town as stated in its by-law and is not required by c. 147, § 16C or § 17. Those "sections do not address themselves to the number of working days — apart from the 104 days off — which an employee is entitled to take as vacation." *Gurley* v. *Bridgewater, supra,* at 151.

Accordingly, we see no basis in the statutes to compel the town to compute vacations for its policemen in a manner which differs from the computation of vacations for all other employees. The judgment is reversed, and the case is remanded for the entry of a new judgment declaring the rights of the parties in accordance with this opinion.

*So ordered.*

The case was submitted on briefs.
*Lawrence M. Siskind & Ann-Louise Levine* for the plaintiffs.
*Robert W. Garrett* for the defendant.