ROBERT F. YATES *vs.* CITY OF SALEM.

Essex.    December 9, 1960. — April 27, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Police.  Words,* "Traffic duty."

A regular police officer of a city, who accepted an assignment by his superior to perform traffic duty for a contractor, for which he was paid by the contractor, and who was totally incapacitated by being struck by a motor vehicle through no fault of his while in uniform "performing the work of a police officer" on a street, was injured "in the performance of his duty" within G. L. c. 41, § 111F, inserted by St. 1952, c. 419, in force in the city, and was entitled to the benefit of that section.

CONTRACT.    Writ in the First District Court of Essex dated December 1, 1959.

Upon removal to the Superior Court the action was heard on a statement of agreed facts by *Forte, J.,* who found for the defendant.    The plaintiff alleged exceptions.

*Joseph P. McKay,* for the plaintiff.

*Alfred A. Dobrosielski,* City Solicitor, for the defendant.

WILLIAMS, J.    The plaintiff, a regular police officer of Salem, brings this action of contract to recover from the city wages alleged to be due from October 18, 1959, to the date of the writ, December 1, 1959.    The case was presented to a judge of the Superior Court on a statement of agreed facts.    Therein it appeared that on September 16, 1958, his "day off," the plaintiff was assigned by his superior officer to perform traffic duty for a private contractor who was engaged in the relocation of the old Salem depot. Although not required to do so, the plaintiff accepted the assignment and was paid by the contractor.    He "worked under the direction of the private contractor, State engineer and/or the City Marshal."    While in uniform "performing the work of a police officer" on Washington Street, he was struck by a motor vehicle "without fault of his own" and received an injury which totally incapacitated him for

duty. He was granted leave without loss of pay from September 17, 1958, until October 17, 1959, except for a period from January 1 through February 8, 1959. On October 17, 1959, his name was removed from the payroll of the Salem police department and from October 18, 1959, he "continued on leave with loss of pay." As of the date of the statement of agreed facts he remained totally incapacitated for duty because of his injury.

General Laws c. 41, § 111F, inserted by St. 1952, c. 419, provides that "Whenever a police officer . . . of a city . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, he shall be granted leave without loss of pay for the period of such incapacity"; but "no such leave shall be granted for any period after such police officer . . . has been retired or pensioned in accordance with law or for any period after a physician designated by the board or officer authorized to appoint police officers . . . in such city . . . determines that such incapacity no longer exists." It was agreed that this statute applies to Salem and that the plaintiff has not been examined by a physician so designated. The defendant moved that "upon the pleadings, opening and upon all the evidence, a verdict be ordered in its favor." This motion was treated as a motion "for finding" for the defendant and was allowed subject to the plaintiff's exception.

The statement of agreed facts is in effect a case stated. G. L. c. 231, § 126. We are free to draw therefrom such inferences and reach such conclusions as we think are warranted. *Hayes* v. *Lumbermen's Mut. Cas. Co.* 310 Mass. 81. *Caissie* v. *Cambridge,* 317 Mass. 346, 347. The parties must have meant by the term "traffic duty" the duty commonly performed by police officers in directing and controlling vehicular traffic. The plaintiff was a public officer (*Buttrick* v. *Lowell,* 1 Allen, 172; *Hathaway* v. *Everett,* 205 Mass. 246) obligated to perform this duty in accordance with the "power and authority bestowed by the law." *Attorney Gen.* v. *Tillinghast,* 203 Mass. 539, 543. See G. L. c. 41, § 98. He was injured while in uniform, "performing

the work of a police officer," by assignment of his superior officer. He was therefore injured "in the performance of his duty." In its performance he was not acting in the capacity of employee of the contractor. See *Armstrong* v. *Stair,* 217 Mass. 534, 536; *Perras* v. *Hi-Hat, Inc.* 326 Mass. 78; *Kidder* v. *Whitney,* 336 Mass. 307, 308–309. It is irrelevant to the issue of performance that he was "paid for his assignment" by the contractor. Whether this statement means that he was paid to accept the assignment or to compensate him for the work performed, in either case he was engaged in carrying out a public duty. Although it is stated that he "worked under the direction of the private contractor, State engineer and/or the City Marshal" the only direction relating to police work was the general assignment to traffic duty. The defendant raises no issue as to the validity of § 111F. See *Quinlan* v. *Cambridge,* 320 Mass. 124; *Berube* v. *Selectmen of Edgartown,* 336 Mass. 634. There was error in finding for the defendant. The plaintiff was entitled to be paid his wages for the period specified in his declaration.

*Exceptions sustained.*