DONALD DUARTE *vs.* TOWN OF FAIRHAVEN. August 14, 1980. The plaintiff appeals from a decision of the Superior Court which rejected his challenge to the defendant's refusal to indemnify him for medical expenses under G. L. c. 41, § 100. None of the issues that he raises on appeal merits disturbing the trial judge's decision.

1. The plaintiff argues that when the board of selectmen, as the entity with the authority to appoint police officers, refuses an application for indemnification under G. L. c. 41, § 100, it must issue a memorandum of the facts and reasons for its denial. Section 100, as amended through St. 1962, c. 580, § 1, only requires that when "such board . . . denies an application in whole or in part, such board . . . shall set forth in writing its . . . reasons for such denial . . . ." The board furnished the court with the evidence and reasons for its decision in response to the judge's interlocutory order that the defendant file a record setting out "the evidence in support of the Defendant's decision and the reasons for its decision . . . ." It was within the court's discretion to make that order. Cf. *McCarthy* v. *Commissioner of Pub. Welfare*, 8 Mass. App. Ct. 600, 609 (1979).

2. The plaintiff argues that § 100 requires the board to hold an evidentiary hearing, like that required prior to terminating public assistance

payments, *Goldberg* v. *Kelly*, 397 U.S. 254, 264 (1970), before passing on his application. Section 100 does not require the board to hold a hearing. *Fortin* v. *Mayor of Chicopee*, 325 Mass. 214, 216 (1950). The statute, as amended, requires the appointing authority to make a recommendation and provides for judicial review upon "due notice and hearing." Such a hearing is the only hearing necessary. We find *Goldberg* v. *Kelly* to be inapposite to this case.

3. It appears from the appendix that the only objection to the board's decision that the plaintiff raised both at trial and before us is that the decision was not authenticated. Although it is obvious that the decision was written in response to the court's order, there is nothing before us to indicate what evidence was before the trial judge attesting to the document's authenticity. See *Structural Systems, Inc.* v. *Siegel*, 3 Mass. App. Ct. 757 (1975). We have no basis to question the judge's determination that the decision was authentic.

4. The plaintiff was not denied due process of law by the judge's allowing the defendant to file the board's decision two days before the hearing. The plaintiff had ample opportunity before the hearing to request a continuance to allow him to examine the decision further. As the record does not indicate that he sought a postponement, he must be considered to have thought it unnecessary. Cf. *Wolfe* v. *Ford Motor Co.*, 6 Mass. App. Ct. 346, 353-354 (1978).

5. The plaintiff claims that it was error to deny his requests for rulings of law. The denial was proper on the grounds that plainly appear in the judge's findings, rulings and order.

*Judgment affirmed.*

*Martin Lipman* for the plaintiff.
*Thomas Crotty* for the defendant.