JOHN F. POLITANO vs. BOARD OF SELECTMEN OF NAHANT
& another.

Essex.    January 14, 1981. — December 10, 1981.

Present: ARMSTRONG, PERRETTA, & KASS, JJ.

*Practice, Civil*, Appeal, Judgment.  *Police*, Incapacity, Municipality's
liability.  *Words*, "In the performance of his duty."

A  purported judgment, awarding salary continuation benefits under
G. L. c. 41, § 111F, and G. L. c. 32, § 85H, to a special policeman of
a town and ordering the selectmen of the town to reconsider their deci-
sion on the officer's claim for medical expenses under G. L. c. 41,
§ 100, while not final in nature and not appealable, was reviewed by
this court to the extent it adjudicated the claims for salary continuation
benefits. [740-741]
A special police officer of a town, who was incapacitated as the result of
injuries sustained in the performance of special duty to which he had
been assigned by his superior officer and for which he was to be paid
by a private establishment, was entitled to recover from the town
under G. L. c. 41, § 111F, and G. L. c. 32, § 85H, the amounts he
would have received, respectively, as a police officer and in his regular
occupation, both recoveries to be payable for the period of his incapac-
ity or until the officer is retired or pensioned. [742-744]
Where a special police officer of a town was incapacitated by injuries sus-
tained in the performance of police duty, the town's liability for salary
continuation benefits under G. L. c. 41, § 111F, and G. L. c. 32,
§ 85H, was to be reduced by any welfare benefits the officer received
as a result of the incapacity and which he was not legally obligated to
repay to the Department of Public Welfare. [744-746]

CIVIL ACTION commenced in the Superior Court on April 8,
1976.

The case was heard by *Bennett*, J.

*Alexander H. Pratt, Jr. (Jonathan Bangs*, Town Counsel,
with him) for the defendants.

*Neil Rossman (Jeffrey E. Rossman* with him) for the
plaintiff.

ARMSTRONG, J.   The plaintiff, who was found by a judge of the Superior Court to have been disabled while acting as a special police officer in Nahant, seeks by his amended complaint[1] to have the defendant town indemnify him for medical expenses under G. L. c. 41, § 100, and provide him salary continuation benefits under G. L. c. 41, § 111F, and G. L. c. 32, § 85H.   The defendants appeal from a "judgment" which awarded benefits under the latter two statutes, annulled the decision of the selectmen denying benefits under G. L. c. 41, § 100, and ordered the selectmen to reconsider the application in a manner consistent with the findings and rulings made by the judge.

Despite its caption, the order appealed from was not a judgment in legal effect.   It did not finally adjudicate the

---

[1] The complaint as originally drafted merely sought to compel the selectmen to act on the plaintiff's application for indemnification on account of medical expenses under G. L. c. 41, § 100.   Amended complaints set forth the plaintiff's claims under G. L. c. 41, § 111F, and G. L. c. 32, § 85H, and added the town of Nahant as a defendant.   An order directing the selectmen to act on the plaintiff's § 100 claim was entered on August 25, 1978.   In September of that year the selectmen held a hearing and denied indemnification by a written decision which, after outlining the testimony, documents, and representations put before them, stated: "The Board finds that the evidence presented does not satisfy it that any of the expenses included in the bills presented for the Board's consideration were incurred as the natural and proximate result of the incident at the Bayside Inn.   Further, the Board finds that the evidence presented does not satisfy it that Politano was acting in the performance and within the scope of his duty as a police officer without fault of his own when involved in said incident. · In so deciding, the Board takes note of the fact that no testimony was given by Mr. Politano and that [his attorney's] statements were conclusory.   On the other hand, [the town counsel's] memorandum refers to testimony about specific facts contained in sworn depositions and affidavits.   The Board feels that, while [the] statements [of Politano's attorney] are admissible in a hearing of this type, the Board may determine the relative weight to be given to the various types of evidence presented.   In view of the foregoing findings, no findings with respect to reasonableness of expenses and charges or the appropriateness of indemnification are necessary.   However, the Board notes that the welfare assignment relates only to monies to be paid by the Bayside Inn and an insurance company.   It therefore does not appear that Mr. Politano would have any duty to repay any amounts recovered from the Town of Nahant to the Department of Public Welfare."   Thereafter the plaintiff amended the complaint to include an appeal from that decision.

plaintiff's claim for medical expenses under G. L. c. 41, § 100. In the absence of an express determination of the type called for by the first sentence of Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974), "any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . , and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims . . . ." Rule 54(b), second sentence. See *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 677-678 (1977); *Acme Engr. & Mfg. Corp.* v. *Airadyne Co.*, 9 Mass. App. Ct. 762, 764 (1980). An order nullifying the decision of an administrative body and ordering reconsideration by that body of the underlying claim or application is not final in nature and is not appealable. *Roberts-Haverhill Associates* v. *City Council of Haverhill*, 2 Mass. App. Ct. 715, 719-720 (1974). Contrast *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 605 (1980), where an order calling for further action by an administrative body was deemed to be an appealable judgment, notwithstanding retention of jurisdiction by the court, because the administrative body was given no discretion, being ordered to decide the matter in controversy in a manner specified by the court.

The "judgment" before us, however, was clearly intended to adjudicate finally the plaintiff's claims under G. L. c. 32, § 85H, and G. L. c. 41, § 111F. Arrearages to the date of the so called judgment were computed and ordered to be paid with interest, and additional provisions computed the amounts due periodically and ordered payment thereof on a prospective basis. The issues involving those claims are separable from the § 100 claim, have been fully briefed and argued, and will have to be decided, if not now, then in the near future when the case has become technically appealable. In those circumstances, in the interests of economizing judicial time and sparing the parties unnecessary expense, we review the court's disposition of those

claims at this time.[2]  Compare *Ciszewski* v. *Industrial Acc. Bd.*, 367 Mass. 135, 141-142 (1975).

The judge made detailed findings concerning the events which led to the plaintiff's claims.  The plaintiff was employed by Nahant for a number of years as a special police officer.  As such he worked only intermittently, earning on the average thirty-five dollars per week.  On April 13, 1973, he was assigned by the chief of police to special duty at a bar-and-dance spot in Nahant known as Bayside Inn.  He was to be paid for his services by the inn.  His duties included keeping order both in the bar and in the lot outside. That evening he tried to escort a boisterous patron out of the inn. They struggled and fell to the floor. . Other officers arrived on the scene to assist.  The plaintiff told several patrons "that he was 'O.K., but my neck hurts.'"  He completed his duty, staying until one o'clock.  Although he continued for several weeks to work at his regular occupation as a painter and paper hanger, his neck hurt him with increasing severity.  Ultimately an orthopedic surgeon determined that he had a broken vertebra immediately below the neck.  Several operations were performed, but the plaintiff was and is now totally disabled from performing either his part-time occupation as a policeman or his regular occupation as a painter and paper hanger. The disability, the judge found, resulted from the incident on the night of April 13, 1973.

Although the board of selectmen reached quite different conclusions, no contention is made that the judge's findings were not warranted on the evidence before him.  The defendants make the contention with respect to the claim for medical expenses under G. L. c. 41, § 100, that the fact finder contemplated by the statute is the appointing authority (here, the selectmen) and that independent findings by

---

[2] One factor which we have taken into consideration is that our disposition in this opinion of the question whether the town may deduct past welfare benefits from amounts otherwise payable under G. L. c. 32, § 85H, and G. L. c. 41, § 111F, may have the practical effect of terminating the controversy concerning the plaintiff's claim under G. L. c. 41, § 100.

the judge are inapposite.[3] The same contention is not made with respect to G. L. c. 32, § 85H, and G. L. c. 41, § 111F. There is nothing in the language of these sections or in the reported cases involving judicial review of administrative actions thereunder which suggests that a court is expected to defer to such findings of fact as may have been made at the administrative level and to confine its attention to questions of insufficiency of evidence or other legal error. *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 659-661 (1975) (§ 111F, findings by master), and *Jones* v. *Wayland*, 374 Mass. 249, 250-251 (1978) (both §§ 85G and 111F, findings by master), each illustrate that the facts concerning a claimant's eligibility for benefits under the two statutes are those found by the reviewing court based on the evidence before it.

Accordingly, the first question before us is whether, in light of the findings by the judge, the plaintiff is entitled to benefits under G. L. c. 32, § 85H, and G. L. c. 41, § 111F. The latter section as amended through St. 1964, c. 149, provides that "[w]henever a police officer . . . of a . . . town . . . is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own, or a police officer . . . assigned to special duty by his superior officer, whether or not he is paid for such special duty by the . . . town, is so incapacitated because of injuries so sustained, he shall be granted leave without loss of pay for the period of such incapacity . . . ." The term "police officer" includes a special police officer such as the plaintiff,

---

[3] The contention is based principally on language concerning judicial review appearing in the final two sentences of the first paragraph of G. L. c. 41, § 100, as appearing in St. 1962, c. 580, § 1. Those sentences seem to be modeled on the language of G. L. c. 30A, § 14, concerning judicial review of adjudicatory proceedings before State agencies. There are difficulties in applying the State Administrative Procedure Act concept of judicial review to proceedings under G. L. c. 41, § 100, because the case law seems to indicate that the appointing authority is not required to conduct an evidentiary hearing or to make express findings of fact (as opposed to "reasons for . . . denial"). See *Fortin* v. *Mayor of Chicopee*, 325 Mass. 214, 216 (1950); *Duarte* v. *Fairhaven*, 10 Mass. App. Ct. 865 (1980).

*Jones* v. *Wayland*, 4 Mass. App. Ct. 725, 730-731 (1976),
*S.C.* 374 Mass. at 255-257; and, because he was assigned to
the special duty by his superior officer, it is irrelevant that
he was paid for that duty not by the town but by the inn.
*Yates* v. *Salem*, 342 Mass. 460, 462 (1961).[4] The pay recov-
erable by the plaintiff under § 111F is his regular compen-
sation as a police officer, *Jones* v. *Wayland*, 380 Mass. 110,
118 (1980), in this case, his average weekly wage from that
work, found by the judge to be thirty-five dollars per week.

General Laws c. 32, § 85H, as amended through
St. 1970, c. 382, §§ 1, 2, provides, in part, "[w]henever a
. . . special or intermittent police officer of a town . . . is
disabled because of injury or incapacity sustained in the
performance of his duty without fault of his own, and is
thereby unable to perform the usual duties of his regular oc-
cupation at the time such injury or incapacity was incurred,
he shall receive from the . . . town for the period of such in-
jury or incapacity the amount of compensation payable to a
permanent member of the police . . . force thereof . . ., for
the first year of service therein . . . ." It was held in *Jones*
v. *Wayland*, 380 Mass. at 119-120, that the benefits provid-
ed a special police officer under this section are complemen-
tary to those provided under G. L. c. 41, § 111F, the latter
section protecting the income of the special officer from his
police work and § 85H protecting the income of the special
officer from his regular occupation, if he had one at the time
of the injury.[5] "The policy behind [the complementary]

---

[4] *Yates* v. *Salem* was decided under an earlier version of § 111F, ap-
pearing in St. 1952, c. 419. The language regarding officers on special
duty was added by St. 1961, c. 218. The *Yates* case held that a regular
police officer who was assigned by his superior officer to traffic control
duty at a construction project, the work to be paid for by the private con-
struction contractor, and who was struck and injured by a car, had suf-
fered "an injury sustained in the performance of his duty" within the
meaning of the statutory language first quoted in the text.

[5] Jones was denied benefits under § 85H only because "[n]o indication
appear[ed] on the record . . . that Jones, at the time of his injury, held
any . . . substantial nonpolice employment." 380 Mass. at 120 n.15.

compensation plan is clear: those individuals willing to submit themselves to the dangers inherent in police . . . work while still looking to another job as a substantial source of support should not be made to suffer economically in the event that they are rendered incapable of performing this other employment due to an injury sustained while serving as a public safety officer." 380 Mass. at 119.

The statutory purpose as determined in *Jones* v. *Wayland* would be seriously compromised if we were to accept either of the town's arguments concerning the scope of § 85H. The first, that § 85H covers injuries sustained in the line of regular duty but not those sustained in the line of special duty, is based principally on a difference in wording between the two sections. Section 111F, by virtue of an amendment appearing in St. 1961, c. 218, covers the "special-duty" situation by express language. By contrast, § 85H contains only the general phrase "in the performance of his duty." But the identical phrase ("in the performance of his duty") appearing in § 111F was held in *Yates* v. *Salem*, 342 Mass. 460 (1961), to include special duty, see note 4, *supra*, and it is not reasonable to suppose that the Legislature's purpose in adding the express special duty language to § 111F in 1961 was to diminish the scope of the more general phrase in § 85H. The latter section was not mentioned in the 1961 statute. The more likely explanation is that the Legislature added the special duty language to § 111F simply to clarify any uncertainty in that regard. The town's second argument is that the benefits payable under both §§ 85H and 111F should be held to terminate at the end of the period of appointment of a special officer. But both sections are explicit on the point that their benefits are payable for the period of incapacity, subject to termination when the officer has been retired or pensioned. See *Thibeault* v. *New Bedford*, 342 Mass. 552, 557 (1961). The judicially declared purpose of the two complementary sections is best effectuated by reading their expiration-of-benefits provisions literally.

On all contentions discussed to this point, we find ourselves in complete agreement both with the decision of the

trial judge and with his carefully stated reasons. In but one respect do we feel that there should be a modification of the portion of his decision dealing with the claims under § 111F and § 85H. The town, relying on *Jones* v. *Wayland,* 374 Mass. at 262, argued that it should be permitted to deduct welfare payments received by the plaintiff during the period of his disability from the benefits due him under both sections. If the plaintiff had been receiving the statutory benefits from the town in the intervening years, he would not have been eligible for the welfare payments. The effect of the judge's decision is to give the plaintiff a windfall to the extent of those payments. Although the provisions of G. L. c. 117, § 8, and G. L. c. 118, § 11, in substantially identical terms, require the Department of Public Welfare to condition relief or support payments necessitated by accident, injury, or illness on the injured person's assigning to the department, pro tanto, any salary continuation benefits to which he may be entitled, the instrument actually executed by the plaintiff assigned only such sums as he might recover from the Bayside Inn or its insurer. There is thus no showing that the plaintiff had a legal obligation to repay the department from any moneys he might recover from the town.

In *Jones* v. *Wayland,* 374 Mass. at 262, it was held that the town could subtract from its liability under § 111F amounts the injured police officer had received as salary-continuation benefits under a group insurance policy maintained by the town. The decision discussed the collateral source rule and its rationale, that "if there is to be a 'windfall,' such benefit should accrue to the injured party rather than to the wrongdoer. . . . Where, as here, the party found liable [i.e., the town] is not responsible for the injury, the rule would appear to be inapplicable." It may be that salary-continuation benefits received by an injured person from his own privately maintained insurance would not be considered a "windfall" within the meaning of that language; but welfare payments are different from insurance in that they are not the result of provision having been made

therefor by the injured person. The collateral-source rule was primarily designed to operate in actions between a victim and a tortfeasor, where the focus is on the obligation of the wrongdoer to make good for all the damage he has caused. See Restatement (Second) of Torts § 920A, Comment b (1979); 22 Am. Jur. 2d Damages § 206 (1965). Liability in this case is premised not on the town's wrongdoing but on the plaintiff's statutory rights. Those rights are geared only to compensation so as to make the injured officer whole for loss of pay. We take the language of *Jones* v. *Wayland*, cited above, as requiring that the town's liability under § 111F and § 85H be reduced by any welfare benefits the plaintiff may have received which he is not legally obligated to repay to the department. Because no finding has been made concerning the amount of the welfare benefits, it will be necessary that the portions of the so called judgment computing the liability of the town for arrearages under those sections be reexamined and recomputed.

For the reasons stated at the beginning of this opinion, the appeal must be dismissed. No party is to have costs of appeal. The request of the plaintiff for damages and attorneys' fees pursuant to G. L. c. 211A, § 15, and Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979), is denied.

*So ordered.*