DAVID K. J. WEICHEL vs. COMMISSIONER OF CORRECTION & others.[1]
No. 87-376. February 17, 1988. *Imprisonment,* Enforcement of discipline.
*Administrative Law,* Regulations. *Practice, Civil,* Summary judgment.

The plaintiff, an inmate presently incarcerated at M.C.I., Cedar Junction,
brought this action in the Superior Court seeking declaratory, injunctive,
and monetary relief. The named defendants are certain officials of the
Department of Correction (department). In his pro se complaint the plaintiff
alleged that the defendants had punished him in violation of the Federal
and State constitutions and of regulations established by the department.

The defendants moved to dismiss the complaint for failure to state a
claim or, in the alternative, for summary judgment. A Superior Court judge
granted summary judgment for the defendants. The plaintiff contends that
the judge erred in allowing the defendants' motion because there were
genuine issues raised as to whether, among other things, the defendants
had violated departmental regulations.

The facts are as follows. On December 3, 1985, the plaintiff was visiting
with his mother in the visiting room at M.C.I., Cedar Junction. The visit
was interrupted by security personnel on the basis of information received
by a correctional official that, according to the disciplinary report, "the
visitor was going to attempt to introduce and pass some type of unknown
narcotic substance to inmate Weichel." Both the plaintiff and his mother
were requested to submit to a strip search. The plaintiff agreed and no
contraband was found on him. When the plaintiff's mother refused to
consent to a strip search, the visit was terminated. While being escorted
out of the visiting room area, she dropped four small balloons filled with
marihuana onto the floor. She was placed under arrest, and a search of her
locker and her person resulted in the discovery of thirty-nine more balloons,
all of which contained marihuana.

On December 11, 1985, a disciplinary report issued charging the plaintiff
with three disciplinary infractions: (1) manufacture, possession, introduction
or use of any unauthorized controlled substance, (2) violating any law of
the Commonwealth or United States, and (3) attempting to commit, aiding
another person to commit or making plans to commit the stated offenses.

The disciplinary hearing was held on January 9, 1986. Prior to the
hearing, the plaintiff requested that his mother, the reporting officer, the
alleged informant, and several correctional officers be called as witnesses
in his behalf. He also requested the production of information related to
the credibility of the informant. The plaintiff's requests for the reporting
officer and one of the correctional officers to be called as witnesses were
allowed. However, the board refused to permit the plaintiff's mother or
other officers to testify, and it refused to produce the informant. It also denied

---

[1] Various correctional officers.

the plaintiff's request that he be provided with the informant's statement and information as to his credibility.

The plaintiff was found guilty of attempting to commit, aiding another person to commit, or making plans to commit the stated offenses. In its decision the board explained that it "feels that the inmate had advance knowledge that the drugs were going to be delivered and conspired to have them delivered." It noted, further, that the "information from [a] reliable source . . . [makes] the case against the inmate even stronger."

The board imposed a sanction of fifteen days isolation, and it recommended that the plaintiff be committed to the department segregation unit (DSU) for a period of two years. That recommendation was approved by the Commissioner of Correction.

At the hearing on their motion, the defendants argued that the plaintiff's due process rights had not been violated because he was not deprived of any liberty interest protected by the Fourteenth Amendment to the United States Constitution. They claimed that only a loss of good time credits triggered minimum due process requirements under *Wolff* v. *McDonnell*, 418 U.S. 539 (1974). Since the sanction imposed on the plaintiff in the instant case was only isolation time, the defendants urged the judge to allow their motion.

The judge appeared to agree with the defendants' argument. The following explanation of his ruling appears on the docket: "Re: Defendant's Motion to Dismiss, or for Summary Judgment — Motion for Summary Judgment Allowed as [Plaintiff's] Due Process Rights Have Not Been Violated Nor Has He Been Denied Equal Protection, No Good Time Credits Lost."

The plaintiff argues that the judge's decision was error because under *Wolff* v. *McDonnell, supra,* the imposition of solitary confinement (or isolation) is to be treated in the same manner as the forfeiture of good time. The plaintiff also argues that the judge erred because he failed to consider the plaintiff's claims that the defendants violated their own departmental regulations.

We conclude that the plaintiff's claims of regulatory violations by the defendants and materials submitted by the plaintiff at the hearing on the defendants' motion raised genuine issues of material fact, and that the judge committed error in allowing the defendants' motion for summary judgment. We do not address, therefore, the plaintiff's constitutional claims.

Although courts permit prison administrators considerable discretion in the adoption and implementation of prison policies, "the limits of such discretion are established by the rules and regulations promulgated by the [department]" *Royce* v. *Commissioner of Correction,* 390 Mass. 425, 427 (1983). "Once an agency has seen fit to promulgate regulations, it must comply with those regulations." *Ibid.* In his complaint and in the materials that he submitted to the judge on the defendants' motion, the plaintiff claimed that the defendants had failed to follow various regulations in regard to disciplinary hearings.

The plaintiff alleged that the defendants failed to follow their own regulations governing (1) the use of informant information (103 Code Mass. Regs. § 430.15 [1978]),[2] (2) the right to present certain witnesses (103 Code Mass. Regs. § 430.14 [1978]), and (3) the standard used to determine if the evidence supported the disciplinary board's conclusions (103 Code Mass. Regs. § 430.13(3) [1978]).

The plaintiff also claimed that after his visit was terminated he was taken from his cell and placed on "awaiting action" status in the DSU and that he was placed there without compliance with the governing regulations. 103 Code Mass. Regs. §§ 420.13(2)(b) and 421.07 (1978). *Kenney* v. *Commissioner of Correction,* 393 Mass. 28, 34 (1984). The defendants denied that he was placed in the DSU.

A motion for summary judgment is in order "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). See *Jones* v. *Wayland,* 380 Mass. 110, 114 n.7 (1980). Here, the record shows that there are genuine disputed issues as to material facts and the defendants were not entitled to a judgment as matter of law.

The judgment is vacated, and the matter is remanded to the Superior Court.

*So ordered.*

*Thomas A. Borden* (*Jonathan Shapiro* with him) for the plaintiff.
*Maryanne Conway* (*George Vogrin, Jr.,* with her) for the Commissioner of Correction & others.

---

[2] In regard to the claim that the department violated its regulations as to the use of informant information, the plaintiff asserted that the informant was not an inmate but a member of the prison staff. The defendants denied that assertion.