PATRICIA M. MURPHY *vs.* TOWN OF DOVER. No. 91-P-1084. August 5, 1993. *Municipal Corporations*, Officers and employees, Estoppel. *Ambulance Worker. Fire Fighter*, Incapacity. *Police*, Incapacity. *Estoppel.*

The plaintiff, a call ambulance worker in Dover since 1978, was injured in March 1986 when she fell in her driveway while responding to a call. The fall caused a compression fracture and disc herniation, resulting, she claims, in an inability to perform the duties of a call ambulance worker, a police matron (another position she occupied on an infrequent basis for the town), or a housewife. The town's insurer paid her disability benefits under the town's "compensation schedule for . . . call firefighters and call ambulance members injured in the line of duty," apparently at the rate of approximately $200 per week, until October, 1987. At that time the board of selectmen, charged with administering the compensation schedule, determined that she was ineligible for compensation thereunder because, as a housewife, she did not have a "regular occupation" within the meaning of

the schedule. The plaintiff brought this action to establish her eligibility. The town was granted summary judgment, and she appeals.

The compensation schedule's eligibility provision requires that the call firefighter or ambulance worker be "totally disabled in that he/she is unable to perform the usual duties of his/her regular occupation at the time of his/her injury. A totally disabled individual shall be paid no more than an amount equal to 80 [percent] of the salary income reported on his/her [F]ederal income tax return for the year preceding the injury up to a maximum of $2,000 per month and no less than $1,000 per month, and in no case less than the amount required to be paid under [G. L.] c. 32, § 85H . . . ." The quoted language must be read together with § 85H, which it both implements and supplements. The test of disability — inability to perform the duties of one's regular occupation — is identical to that of § 85H, and the benefits required by § 85H are expressly made a minimum for those qualifying for benefits. *Jones* v. *Wayland*, 380 Mass. 110, 120 & n.15 (1980), decided three years before Dover adopted its compensation schedule, held that a "regular occupation" referred to by § 85H is an occupation other than work for the town's police or fire departments which "constitute[s] at least a substantial source of income," *id*. at n.15, for the injured police officer or firefighter. This interpretation followed from the purpose of § 85H: to compensate "those public safety officers [such as call firefighters] most likely to be reliant on other jobs as their primary source of income," *id*. at 119 — in contrast to the provisions of G. L. c. 41, § 111F, under which disabled "police and firefighters continue to receive their normal police or firefighting pay." *Id*. at 118. Dover's compensation schedule must be interpreted to use "[inability] to perform the usual duties of his/her regular occupation" consistently with § 85H: i.e., not to include occupations which do not constitute a substantial source of income.

There is no need, in this appeal, to address the question whether the plaintiff is or is not a "firefighter," as used in G. L. c. 41, § 111F, and in G. L. c. 152, § 69. Because the former section "fill[s] a gap in the Work[er's] Compensation Act," *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 663-664 n.5 (1975), the plaintiff will be eligible, whether covered by workers' compensation or G. L. c. 41, § 111F, for compensation for medical expenses and lost income, although not computed, as the plaintiff had hoped, by the $12,000 per year minimum in the town's compensation schedule, but on the basis of her actual income as a call ambulance worker (roughly $1,500 to $2,000 per year.) See *Politano* v. *Selectmen of Nahant*, 12 Mass. App. Ct. 738, 742-744 (1981).

Finally, we think that the town could not be estopped to deny liability under its compensation schedule by the alleged assurances of an officer of the fire department, as opposed to the selectmen who are charged with determining eligibility for compensation thereunder. See *Corea* v. *Assessors of Bedford*, 384 Mass. 809, 809-810 (1981); *DiGloria* v. *Chief of*

*Police of Methuen*, 8 Mass. App. Ct. 506, 515-516 (1979); *Gamache* v. *Mayor of N. Adams*, 17 Mass. App. Ct. 291, 294 (1983).

*Judgment affirmed.*

*Linda E. Abrahams* for the plaintiff.
*Judith A. Malone* (*Eileen Finan* with her) for the defendant.