The case was submitted on the papers filed, accompanied by a memorandum of law.

*Phillip A. Davidson*, pro se.

PENELOPE LANKHEIM *vs.* BOARD OF REGISTRATION IN NURSING. June 19, 2009. *Nurse. License. Board of Registration in Nursing. Administrative Law,* Judicial review, Remand to agency.

In a reciprocal discipline proceeding, the Board of Registration in Nursing

[1]Deputy commissioner of the Department of Revenue, child support enforcement division.

(board) indefinitely suspended Penelope Lankheim's license to practice as a registered nurse in Massachusetts. That proceeding was based on Lankheim's voluntary relinquishment of her license after disciplinary proceedings in the State of Florida. Lankheim sought judicial review in the county court pursuant to G. L. c. 112, § 64.[1] A single justice of this court ruled that the board was authorized to impose reciprocal discipline based on Lankheim's voluntary relinquishment of her Florida license. See *Anusavice* v. *Board of Registration in Dentistry*, 451 Mass. 786, 793-798 (2008) (reciprocal discipline may be imposed based on the fact of discipline in another jurisdiction; consent order suspending license in other jurisdiction is "discipline"). However, he remanded for "reconsideration of the question of sanction without regard to the vigor with which Lankheim opposed the existence of discipline in Florida." Lankheim appealed to the full court.

The board has moved to dismiss the appeal on the ground that the single justice's decision was interlocutory. It is well established that, in an action seeking judicial review of an administrative agency's decision, no appeal lies from a decision of the trial court remanding the matter to the agency for further proceedings where "the administrative tribunal has choices to make about the result, in nuance and fundamental conclusion."[2] *Federman* v. *Board of Appeals of Marblehead*, 35 Mass. App. Ct. 727, 729 (1994), and cases cited. "An order of remand . . . is . . . not final, particularly when the operative verb in the order has been 'reconsider.' " *Id.* Lankheim argues that the order of remand is final and appealable because the board's discretion is limited in that it may no longer consider one of the aggravating factors on which it relied.[3] However, Lankheim misstates the principle on which she relies: a judicial order remanding a matter to an administrative agency may be deemed an appealable judgment when "the administrative body [is] given no discretion, being ordered to decide the matter in controversy in a manner specified by the court." *Politano* v. *Selectmen of Nahant*, 12 Mass. App. Ct. 738, 740 (1981), citing *Smalley* v. *Planning Bd. of Harwich*, 10 Mass. App. Ct. 599, 605 (1980). See *Federman* v. *Board of Appeals of Marblehead*, *supra* at 730 ("If an order of remand allows the administrative tribunal no leeway, the order takes on the character of finality, and an appeal is in order"). The single justice's order of remand did not direct the board to impose a particular sanction on Lankheim. The order merely removed one factor from the board's consideration and left the board with ample discretion to evaluate the remaining facts and circumstances in the case. Accordingly, Lankheim may not appeal

---

[1]General Laws c. 112, § 64, provides in relevant part: "The supreme judicial court, upon petition of a person whose certificate, registration, license or authority has been suspended, revoked or cancelled, may enter a decree revising or reversing the decision of the board, in accordance with the standards for review provided in [G. L. c. 30A, § 14 (7)]."

[2]We assume without deciding that this rule is applicable in an appeal from a decision of a single justice pursuant to G. L. c. 112, § 64. Lankheim makes no argument to the contrary, but argues only that dismissal is improper in the circumstances of this case.

[3]Lankheim's opposition to the board's motion also briefly discusses the doctrine of present execution. See, e.g, *Kent* v. *Commonwealth*, 437 Mass. 312, 315-317 (2002). That principle is inapplicable, as Lankheim makes no claim of error that cannot be remedied on appeal from a final judgment.

from the single justice's order remanding the matter to the board for reconsideration of the appropriate sanction, as it was not a final judgment.[4]

*Appeal dismissed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Nancy Sue Keller* for the plaintiff.

*Amy Spector*, Assistant Attorney General, for the defendant.

[4]Nothing we say in this opinion should be read as affecting the appealability of decisions of single justices of this court in cases other than actions commenced in the county court for judicial review pursuant to G. L. c. 112, § 64.