CHARLES F. DYER *vs.* BOARD OF SELECTMEN OF
LUNENBURG & another.[1]

No. 91-P-907.

Worcester. February 16, 1993. - June 18, 1993.

Present: DREBEN, SMITH, & GILLERMAN, JJ.

*Fire Fighter*, Incapacity.

In the case of a person injured in the performance of his duties as a call
fire fighter, the provisions of G. L. c. 32, § 85H, do not mandate con-
tinued payment of disability benefits until a town-designated physician
determines that incapacity no longer exists; rather the section only pro-
hibits payment of benefits after such a determination is made. [608]

In an action seeking continued payment of disability benefits by a town
pursuant to G. L. c. 32, § 85H, the judge correctly ruled, on the basis
of ample evidence, that the plaintiff, who had been injured while per-
forming his duties as a call fire fighter, was capable of performing the
usual duties of his regular occupation; consequently the town was no
longer obliged to make further payments under the statute. [608-609]

At a proceeding seeking declaratory and injunctive relief, error, if any, was
harmless in a judge's having heard certain allegedly prejudicial evi-
dence, where he made no findings with respect to that evidence and
applied the correct statutory standard to the facts found by him. [609]

In a civil action there was no error in the judge's refusal to make addi-
tional posttrial findings on issues and contentions not presented at the
trial and as to which there was no evidence before the judge. [609]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 10, 1989.

The case was heard by *James P. Donohue*, J.

*Kathleen Reynolds Daigneault* (*Edward J. Reynolds* with
her) for the plaintiff.

*John S. Chinian* for the defendants.

GILLERMAN, J. While performing his duties as a call fire
fighter on March 23, 1986, Dyer was injured and, so he

claims, rendered unable to perform the duties of his regular occupation as a salesperson. See G. L. c. 32, § 85H, the relevant portion of which we set out in the margin.[2] The board of selectmen of Lunenburg (the town) approved disability payments commencing on March 10, 1987, the day that Dyer underwent a right hip replacement. The payments were terminated on February 28, 1989, after Dyer refused to accept an assignment to light duties as a fire fighter. The town-designated physician had concluded, based on a physical examination, that Dyer could perform such duties even though the physician concluded that Dyer could not resume the performance of the duties of his regular occupation. Thereupon the plaintiff commenced this action for injunctive relief and a declaratory judgment. After a bench trial, the judge made detailed findings of fact, denied all injunctive relief, and entered a final judgment finding and declaring that the plaintiff was capable of performing the duties of his regular occupation, in consequence of which the town was no longer obligated to compensate the plaintiff under G. L. c. 32, § 85H. See *Politano* v. *Selectmen of Nahant*, 12 Mass. App. Ct. 738, 742 (1981) (facts concerning a claimant's eligibility for benefits under G. L. c. 32, § 85H, "are those found by the reviewing court based on the evidence before it").

The plaintiff argues on appeal that the proviso of G. L. c. 32, § 85H, see note 2, *supra*, requires that a town-desig-

---

[2]General Laws c. 32, § 85H, as amended through St. 1970, c. 382, §§ 1, 2, provides, in part, as follows: "Whenever a call fire fighter . . . is disabled because of injury or incapacity sustained in the performance of his duty without fault of his own, and is thereby unable to perform the usual duties of his regular occupation at the time such injury or incapacity was incurred, he shall receive from the city or town for the period of such injury or incapacity the amount of compensation payable to a permanent member of the police or fire force thereof, as the case may be, for the first year of service therein, or if there are no regular or permanent members of the police or fire force thereof, at the rate of three thousand dollars per annum; *provided*, that no such compensation shall be payable for any period after such police officer or fire fighter had been retired or pensioned in accordance with law or for any period after a physician designated by the board or officer authorized to appoint police officers or fire fighters in such city or town determines that such incapacity no longer exists" (emphasis added).

nated physician make a determination that incapacity to perform the claimant's regular occupation no longer exists before the town may terminate benefits and that there was no such determination here.[3] Therefore, argues Dyer, disability payments must continue.

The plaintiff misconstrues § 85H. That section *prohibits* the payment of disability compensation after a town-designated physician certifies that the claimant is no longer unable to perform his regular occupation; it does not require the *continuation* of payments until the designated physician certifies to the termination of the claimant's disability. Thus, the town may, as here, properly introduce competent evidence of the ability of the claimant to resume his regular occupation, notwithstanding the contrary opinion of the town-designated physician. In *Hennessey* v. *Bridgewater*, 388 Mass. 219 (1983), the court construed the nearly identical language of the proviso in G. L. c. 41, § 111F, and concluded that the conditions set out in the proviso, see note 2, *supra*, are not "conditions precedent to termination [of disability benefits]." *Id.* at 225-226. Thus, § 111F does not mandate continued payment of benefits *until* a town-designated physician determines that incapacity no longer exists; rather, the section only prohibits payment of benefits *after* such a determination is made. *Id.* at 226. The same analysis applies to § 85H.

Here, the judge found from ample evidence at the trial[4] that the plaintiff had regularly undertaken strenuous physical

---

[3]The town-designated physician had determined that Dyer's incapacity to perform the duties of his regular occupation had not terminated.

[4]The judge found that since his accident Dyer "has done extensive videotaping of fire scenes. In order to accomplish this, at the sound of the alert the plaintiff has driven to the fire station, ascended a flight of stairs to get the video camera and arrived at the scene, often before the fire trucks. The taping itself has required squatting, climbing and traversing difficult terrain. The testimony also revealed and I so find that the plaintiff has jumped off of a fire truck, climbed flights of stairs, shoveled snow, pushed a snowblower, spread lime on his grass and maintained his lawn. Plaintiff recently has climbed ladders up to the roof line of his rental property and has remained standing for three hours while selling tickets. . . . From the testimony, exhibits and reasonable inferences derived therefrom, I find that the plaintiff is capable of performing his regular employment of a salesperson."

tasks — activities that were entirely consistent with the medical examination of the plaintiff which showed, as the judge found, that the plaintiff's hip surgery had properly healed. It was on that basis that the judge determined that the plaintiff was capable of performing the usual duties of his regular occupation as a salesman — the correct statutory test for the termination of benefits, as noted above. The judge's finding on this central issue was not clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

The judge was in error, Dyer argues, in admitting irrelevant but prejudicial evidence that a town-designated physician, after examining the plaintiff, concluded that he could perform light duty assignments at the fire station. The judge, however, applied the correct statutory test — whether Dyer was capable of performing the usual duties of his regular occupation — to the facts found by him, see note 4, *supra*. The judge made no finding that Dyer was capable of performing light duty activities, referring only to the medical report of the town-designated physician to that effect. In these circumstances, the error, if there was one, did not injuriously affect the substantial rights of Dyer, and therefore was harmless. See G. L. c. 231, § 119.

The plaintiff also contends that the judge erred in refusing to make additional posttrial findings. All the proposed findings related to issues and contentions not presented at the trial and as to which there was no evidence before the judge. There was no error.

*Judgment affirmed.*