Fecteau, J.
Plaintiff, Charles F. Dyer, brought this action pursuant to G.L.c. 32, §85H against the Town of Lunenburg to recover disability benefits for an injury that occurred while he was on duty as a call firefighter in March of 1986. The plaintiff previously filed an action against the Town of Lunenburg (C.A. No. 89-1089) for benefits related to the same injury and the matter was tried in the Worcester Superior Court. A decision was entered on December 7, 1990 in favor of the defendants. The decision was affirmed on appeal. See Dyer v. Board of Selectmen of Lunenburg, 34 Mass.App.Ct. 606 (1993). This matter is before the Court on the Plaintiffs Motion for Summary Judgment or in the alternative for Partial Summary Judgment under Mass.R.Civ.P. 56. The defendants have cross-moved for summary judgment on the grounds that the plaintiffs claims are barred by res judicata.
BACKGROUND
The undisputed facts as revealed by the summary judgment records are as follows.
Charles Dyer had been a call firefighter for the Town of Lunenburg since 1958. In December of that year, at the age of 17, he responded to a fire call. Upon entering the firehouse, he slipped and fell injuring his right hip. That injury required surgery and the placement of a pin in his right hip. Dyer continued to respond to calls as a call fire fighter over the next several years. In March of 1986, during the course of answering a fire call, Dyer slipped and fell at the firehouse injuring his right hip. Dyer subsequently consulted his doctor about the injury when he continued to experience pain. Approximately one year later, in March of 1987, Dyer had hip replacement surgery of his right hip. On March 10, 1987 the Board of Selectmen of the Town of Lunenburg voted to provide injury leave benefits to Dyer pursuant to c. 32, §85H. In January of 1989 the Board requested an independent medical examination of Dyer. Based on that medical report, which indicated that Dyer was ready to resume light duty activities, the Board ordered Dyer to return to work at the firehouse. Dyer never reported to work and the Board subsequently terminated disability benefits.
In April of 1989, Dyer brought an action against the Town for injuiy leave benefits pursuant to G.L.c. 32, §85H. Judgment was entered for the defendants on December 7, 1990. In finding for the defendants the Court determined that Dyer was capable of performing the usual duties of his regular occupation, that of an outside salesman. The Court further found that the Town was no longer obligated to pay Dyer benefits under G.L.c. 32, §85H and c. 41, §11 IF. The judgment was affirmed on appeal. See Dyer v. Board of Selectmen of Lunenburg, 34 Mass.App.Ct. 606 (1993).
Dyer has not worked in his usual occupation, that of salesman, since March of 1986, nor has Dyer returned to work as a call firefighter for the Town of Lunenburg. On September 1, 1993 Dyer submitted a new claim for benefits with the Town pursuant to G.L.c. 32, §85H. On September 9, 1993 Dyer had surgery for a revision of his hip replacement.
Dyer avers in his Complaint that he is disabled as a result of the injury sustained at the firehouse in March of 1986, and that therefore he is entitled to compensation under G.L.c. 32, §85H.
DISCUSSION
I. Standard of Review
Summary judgment shall be granted where there are no genuine issues as to any material fact and *346 where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motor Corp., 410 Mass. 706, 716 (1991). “When facing cross-motions for summary judgment, a court must rule on each motion independently, deciding in each instance whether the moving party has met its burden under Rule 56.” FDIC v. Hopping Brook Trust, 941 F.Sup. 256, 259 (D.Mass. 1996), quoting Dan Barclay, Inc. v. Steward E. Stevenson Servs., Inc., 761 F.Sup. 194, 197-98 (D.Mass. 1991).
II. Issue and Claim Preclusion
The plaintiff has filed this motion for summary judgment to determine the application of res judicata and contends that if the Court decides the issue in his favor, he is entitled to judgment as a matter of law. The plaintiff alleges that, as of January 7, 1991, there has been a recurrence of the disability resulting from the March 1986 injury. He asserts that this is a new claim of disability and as such is not subject to the final judgment rendered by the Court in the first case. On cross motion for summary judgment the defendants contend that the doctrine of res judicata bars the plaintiffs claim, specifically, that the issue of plaintiffs disability has been determined in a prior adjudication and that, therefore, the plaintiff is precluded from re-litigating the issue.
Encompassing both claim and issue preclusion, the term res judicata refers to the litigation of an issue or claim to its final judgment. See Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass.App.Ct. 86, 98 (1999). “A fundamental precept of common-law adjudication, embodied in the doctrines of collateral estoppel and res judicata, is that a ‘right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . .’ ” Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985), quoting Montana v. United States, 440 U.S. 147, 153 (1979), quoting Southern Pac. R.R. v. United States, 168 U.S. 1, 48-49 (1897). Claim preclusion (formerly res judicata) prevents re-litigation of a claim when the party has had a full and fair opportunity to litigate the matter at the time of the first suit. In order to invoke the doctrine the second claim must involve the identical parties (or their privies), demonstrate a commonality of subject matter with the first claim, and the first suit must have resulted in a final judgment on the merits. See South Boston Allied War Veterans v. The City of Boston, 875 F.Sup. 891, 908 (1995). Issue preclusion (formerly collateral estoppel) prevents the re-litigation of an issue that was fully determined in a prior adjudication. The issue must have been essential to the final judgment and the party against whom preclusion is sought must have had a “full and fair opportunity to litigate the issue.” Id.
In the instant case, two of the required elements of both claim and issue preclusion cannot be contested; the parties are the same and the first suit resulted in a final judgment on the merits, affirmed on appeal. The question then is whether the plaintiff is advancing a new claim and, if so, whether the plaintiff is presenting the Court with new facts not previously considered by the Court in the first suit.
Plaintiff contends that sometime on or after January 7, 1991, little more than a month after final judgment in the first suit, plaintiff experienced a recurrence of the disabling effects of the March 1986 injury such that he was unable to perform the duties of his regular occupation.[1] In order for the plaintiff to maintain this claim he must offer new facts demonstrating a change in circumstance that is causally related to the 1986 injury. See Restatement (Second) of Judgments, §27, comment c (1982).
In the first action the plaintiff relied on testimony and medical reports of Dr. Steven Manalan. In essence, the testimony was that there was an initial loosening of the joint replacement probably due to the exercise regimen. However, once that program was adjusted, X-rays showed that the joint replacement was satisfactory. Dr. Manalan testified that in his opinion the patient was unable to resume normal work activities of his occupation due to a loss of range of motion and chronic pain. Nevertheless, the Court found that the plaintiff was no longer disabled. Evidence introduced at trial demonstrated that the injury had healed and that the plaintiffs activities involving the videotaping of fire scenes supported that conclusion.
In this second action, the plaintiff submits as evidence for the newly claimed disability an affidavit of Dr. Gary Asher. Dr. Asher states that, although he first saw the plaintiff on June 26, 1991, it is his opinion that the plaintiff was disabled “at least as of’ January 7, 1991. Dr. Asher bases his opinion on his observations of the plaintiff during the course of treatment, medical records of Dr. Wheeler and Dr. Manalan, both of which were submitted as evidence in the first trial, as well as Dr. Manalan’s notes from an office visit of January 7, 1991, the date of the claimed disability. Based on notes from that office visit, Dr. Manalan concluded that the plaintiffs “range of motion is excellent,” and that his x-rays showed no signs of loos *347 ening of the femoral joint although the patient continued to complain of chronic pain. Dr. Asher also relies on the medical reports of Dr. Roderick Turner, the physician who performed the plaintiffs hip revision in September 1993. Those reports indicate that, in Dr. Turner’s professional opinion, the plaintiff was disabled as of January 7, 1991, and that his condition has not changed since that time.
Plaintiffs claim, that he has experienced a recurrence of a former disability, would not be barred by claim preclusion. Plaintiff is asserting a new claim arising after disposition of the first trial alleging that, based on changed circumstances, i.e., new medical information, he is unable to return to the duties of his regular occupation. Under c. 32, §85H the plaintiff may bring a second claim for benefits if it is causally related to, and based on, an injury that occurred within the course of the plaintiffs duties as a call fire fighter for the Town of Lunenburg. Additionally, plaintiff has set forth sufficient facts within the affidavit of Dr. Asher that establish a genuine issue of material fact — that is, whether the plaintiff has experienced a recurrence of his medical disability that would make him incapable of performing the duties of his regular occupation. However, the issue of whether the accident was causally related to the initial injury and whether the accident was due to any fault of the plaintiff has been fully litigated and determined within the first judicial proceeding. See Martin v. King, 401 Mass. 59, 61 (1987) (applying issue preclusion where causation fully litigated in first proceeding and essential to that judgment). Therefore, applying the rules of issue preclusion, those facts are established and cannot be re-litigated within this trial.
Plaintiffs motion for summary judgment was filed in order to test whether his claim would be barred by either claim or issue preclusion. Neither doctrine, as applied to the facts of the case, would preclude the plaintiff from bringing a new claim based on changed circumstances regarding his medical condition. The issues of whether the March 1986 injury is causally related to his present condition, and whether he is capable of performing the regular duties of his occupation, are genuine questions of fact and thus cannot be resolved in a Rule 56 proceeding.
ORDER
For the foregoing reasons it is hereby ORDERED that cross motions for summary judgment are DENIED.

It should be noted that at the time of the first trial the plaintiff had not worked at his regular occupation since March of 1986, and, although that Court adjudged him fit and able to resume his regular occupation, he did not subsequently return to the workforce.